### No. 186
### AYRES etc. v. MIHAL

Ohio Appeals, 9th Dist., Summit Co.

No. 1237.   Decided Feb. 11, 1927

128a.   BAR—Where there is an express contract for the sale of an automobile which was never delivered, and suit is brought by the seller against the purchaser on a note given for the purchase price, and the purchaser defends the suit on the ground that the seller breached by failing to deliver the automobile, and on trial a judgment is properly rendered for the purchaser, which is not reversed or modified, it constitutes a complete defense to a subsequent action brought by such seller against the purchaser for damages.

WASHBURN, J.

First Publication of this Opinion

Ferald L. Ayres sued Paul Mihal in the Sum-

mit Common Pleas to recover damages for the breach of a written contract by which Mihal agreed to purchase an automobile from Ayres.

As a defense, Mihal plead that in a former suit brought by Ayres against him, a judgment was rendered in his favor, and that in said former suit it was determined that Ayres and not he, breached said contract, and that the judgment was a valid subsisting judgment and a bar to said second suit.

The facts on which the case was tried were that Mihal gave Ayres a promissory note which was the evidence of the purchase price of an automobile. It was upon this note that Ayres sued and Mihal set up as a defense that the machine was never delivered nor tendered to him. Ayres failed to reply to the allegation of Mihal's answer and the court dismissed the jury and rendered judgment on the pleadings, said former judgment never being modified or vacated. The lower court in this case found that the former action was a bar and it is to reverse this finding that error was prosecuted. The Court of Appeals held:

1. Where issues have been joined on a material fact in an action, and the issues judicially determined and carried into judgment by a court having jurisdiction of the action, the parties to such action are concluded by such finding until the judgment is reversed or set aside.

2. The fact thus established cannot be retried by the same parties in any subsequent action, whether the second action is upon the same or a different subject matter from the first. In this respect, it is immaterial that one of the actions may have been ex contractu and the other ex delicto. Hixon v. Ogg, 53 OS. 361.

3. While it may be true that if one has mistaken his legal remedy or the prper form of action and judgment goes against him for that reason, the judgment is no bar to a second action rightly brought.

4. A judgment to operate strictly as a bar to a subsequent action must have gone to the merits of the former action. In this action the breach of contract was decided against Ayres.

5. In the former action the defendant plead another defense that was not alleged in the petition and there is no way to tell on which defense the court decided, and as neither defense was denied, the presumption is that both defenses were adjudicated in favor of the defendant.

6. Where a jury, by the verdict, finds the issues joined in the cause in favor of one of the parties, this is to be taken as a verdict finding each and all of the issues therein for such party. Sites v. Haverstick, 23 OS. 520.

7. And where the trial is to the court, a jury being waived, and the court finds on the issues joined with the defendant, the finding is as to each and all of the issues. Tapliff v. Tapliff, 4 O. C. D. 312.

Judgment affirmed.
(Funk, J., and Pardee, J., concur.)
Attorneys—Lee J. Myers for Ayres; C. G. Roetzel for Mihal; both of Akron.